USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/2022

# *Erkan & Associates, LLC*
**ATTORNEYS AT LAW**

**300 HIGH STREET, ANDOVER, MA 01810**
**TLF. (978) 474-0054**
**FAX. (978) 474-0080**
**MURAT@ERKANLAW.COM**
**ERIC@ERKANLAW.COM**

July 29, 2022

BY ECF
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  United States v. Omar Arias Casilla, S1 21 Cr. 218 (AT)
     Letter-Motion for Fatico hearing

Dear Judge Torres:

On behalf of Mr. Omar Arias-Casilla ("the Defendant"), we respectfully request that this Honorable Court hold an evidentiary hearing to resolve disputed questions of fact relative to the applicable sentencing guidelines. United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979), cert. denied, 444 U.S. 1073 (1980).[1]

In sum, the Defendant moved (ECF No. 41) to suppress eight kilograms of fentanyl which agents seized pursuant to a warrantless search of his home.  Following the Government's indication (ECF No. 60) that it would not seek to use that evidence at trial, but would use it at sentencing, the Defendant submitted a reply (ECF No. 61) in which he requested that the

---

[1]   "A 'Fatico' hearing is a sentencing hearing at which the prosecution and the defense may introduce evidence relating to the appropriate sentence.") United States v. Lohan, 945 F.2d 1214, 1216 (2d Cir. 1991), citing Fatico, supra.

Court hold an evidentiary hearing to determine whether the contested evidence would be considered at sentencing. Id. at 6. The Defendant posited that an evidentiary hearing was necessary "to determine the narrow issue of whether the 'officers obtained evidence [from the Apartment] expressly to enhance [his] sentence.'" Id. (quoting United States v. Tejada, 956 F.2d 1256, 1263 (2d Cir. 1992)).

In its Order (ECF 66) on the Defendant's motion to suppress, this Honorable Court did not rule on the Defendant's Tejeda argument, viewing the issue as premature and hypothetical. Id. at 6.  The Court noted that, if the case reached a sentencing posture, the "Defendant may request a hearing pursuant to [Fatico], to resolve any factual disputes in advance of sentencing." Id.

Thereafter, on July 28, 2022, the Defendant changed his plea to guilty.  During his plea, the Defendant conceded that he conspired to deliver three kilograms of fentanyl.  The case is now scheduled for sentencing on November 28, 2022.

Because the Defendant's sentencing is no longer hypothetical, we respectfully request that the Court resolve, at a Fatico hearing, the question of whether agents seized the suppressed evidence "expressly to enhance [his] sentence.'" Tejada, 956 F.2d at 1263.

If the Court agrees that the contested drugs should not be considered at sentencing, the Defendant's base offense level is 32, because the Defendant is responsible for at least 1.2 but less than 4 kilograms of fentanyl. U.S.S.G. § 2D1.1(a)(5), (c)(4).  If the Court disagrees, the Defendant's base offense level is 34, because he is responsible for at least 4 but less than 12 kilograms of fentanyl. U.S.S.G. § 2D1.1(a)(5), (c)(3).

"[A] district court must afford the defendant an opportunity to rebut disputed factual allegations[.]" United States v. Khandrius, 613 F. App'x 4, 8 (2d Cir. 2015).  Factual disputes may be resolved via evidentiary hearing or other reliable means. Id. citing United States v. Slevin, 106 F.3d 1086, 1091 (2d Cir. 1996).

The Defendant respectfully submits that an evidentiary Fatico hearing is the appropriate means of resolving the issue.

The dispute here, previewed at p. 6 and 7 of the Defendant's reply brief (ECF 61), is purely factual and will require the Court to engage in credibility determinations regarding the testimony of witnesses who have not testified at any prior hearing in this case. Contrast Slevin, 106 F.3d at 1091. The issue is important because it affects the advisory guideline calculation substantially.[2] Contrast United States v. Ghailani, 733 F.3d 29, 54-55 (2d Cir. 2013) ("a Fatico hearing was particularly unnecessary in Ghailani's case because the District Court repeatedly and explicitly stated that the hearsay complained of would 'not affect the sentence.'")

Consequently, the Defendant respectfully submits that a Fatico hearing is the appropriate means of resolving whether the suppressed drugs should be considered at sentencing.

Respectfully submitted,
/s/Murat Erkan
Murat Erkan

### CERTIFICATE OF SERVICE

I, Attorney Murat Erkan, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 29, 2022.

/s/ Murat Erkan
Murat Erkan, MA BBO 637507

GRANTED. The Court shall hold an evidentiary hearing on
**October 3, 2022**, at **5:30 p.m.**

SO ORDERED.

Dated: August 1, 2022
    New York, New York

_____
ANALISA TORRES
United States District Judge