UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

OMAR ARIAS CASILLA,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _1/3/2023_

21 Cr. 218-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On November 16, 2022, the Court held a *Fatico* hearing to determine whether evidence seized from a warrantless search of Defendant Omar Arias Casilla's apartment may be considered at sentencing. Dkt. Entry 11/16/22; Def. Request at 1–2, ECF No. 69. At the hearing, Arias Casilla sought to introduce into evidence four exhibits: ECF No. 78-1 at 2–3 ("Exhibit A"), ECF No. 78-1 at 4 ("Exhibit B"), ECF No. 78-1 at 5 ("Exhibit C"), and ECF No. 78-1 at 6 ("Exhibit D") (collectively, the "Exhibits"). *See* Def. Fatico Mem. at 1–3, ECF No. 78; Hearing Tr. 110:11–112:24, ECF No. 79. The Government objected to their admission. Gov. Fatico Mem. at 1, ECF No. 81; Hearing Tr. 110:11–112:24. The Court deferred consideration of the issue and directed the parties to file briefs regarding the admissibility of the Exhibits. Dkt. Entry 11/16/22; Hearing Tr. 112:25–113:2, 115:7–20.

Having reviewed the parties' briefs, the record, and relevant caselaw, the Court concludes that the Exhibits are admissible and entitled to substantial weight. The Exhibits are therefore ADMITTED as defense exhibits 6–9, respectively.

## BACKGROUND

On March 24, 2021, Homeland Security Investigations ("HSI") agents seized 3.5 kilograms of fentanyl in the Bronx. Def. Mot. at 3, ECF No. 41; Compl. ¶ 5, ECF No. 1. On March 25, 2021, agents obtained a federal arrest warrant for Arias Casilla for one count of

conspiracy to distribute fentanyl in connection with the seizure in the Bronx.  Def. Mot. at 3.  On

March 26, 2021, agents arrested Arias Casilla in Methuen, Massachusetts.  *Id.*  At the time of the

arrest, agents conducted a warrantless search of his apartment (the "Search").  *Id.* at 3–5.  The

agents recovered, among other things, approximately eight kilograms of fentanyl from the

apartment.  *Id.* at 7; Def. Request at 1.

On March 31, 2021, Arias Casilla was indicted on one count of narcotics conspiracy.  *See*

ECF No. 4.  A superseding indictment containing the same charge was filed on April 7, 2021.

ECF No. 5.  On April 20, 2021, the Honorable James L. Cott arraigned Arias Casilla.  ECF No.

10.  On November 28, 2021, Arias Casilla filed a motion to suppress the evidence recovered

from the Search.  Def. Mot.  On June 3, 2022, Arias Casilla filed a reply brief in support of his

motion to suppress requesting an evidentiary hearing to determine whether the evidence seized

during the Search may be used at sentencing.  ECF No. 61 at 1.  On July 6, 2022, the Court

granted Arias Casilla's motion as to the use of the seized evidence in the Government's case-in-

chief, but denied as premature the request for a hearing regarding the use of the evidence at

sentencing.  ECF No. 66 at 6.

On July 28, 2022, Arias Casilla pleaded guilty to one count of narcotics conspiracy, Dkt.

Entry 7/28/22, but disputed the quantity of narcotics alleged by the prosecution to have been

involved in the conspiracy, Def. Request at 2.  He conceded only that he conspired to distribute

the fentanyl that was seized in the Bronx on March 24, 2021.  *Id.*  On July 29, 2022, Arias

Casilla requested a *Fatico* hearing to determine whether the evidence seized during the Search

may be considered at sentencing.  *Id.* at 1–2; *see also United States v. Fatico*, 603 F.2d 1053 (2d

Cir. 1979).  On August 1, 2022, the Court granted his request for a hearing.  ECF No. 71.  On

November 16, 2022, the Court held a *Fatico* hearing.  Dkt. Entry 11/16/22.

2

At the hearing, Arias Casilla sought to admit as exhibits notes taken by Assistant United States Attorney ("AUSA") Ni Qian during four phone calls with two different HSI agents who were present during the Search.  Def. Fatico Mem. at 1–3; Hearing Tr. 110:11–111:13.  The Government produced these notes pursuant to its obligations under 18 U.S.C. § 3500.  Def. Fatico Mem. at 1.  The Government objected to the admission of these notes on the ground that they contain hearsay statements and, therefore, cannot be considered for the truth of the matter asserted.  *Id.* at 3; Gov. Fatico Mem. at 1; Hearing Tr. 111:2–112:24.  The Court directed the parties to file briefs on the admissibility of the Exhibits.  Dkt. Entry 11/16/22; Hearing Tr. 112:25–113:2, 115:7–20.  The parties filed their briefs on November 21 and December 1, 2022.  Def. Fatico Mem.; Gov. Fatico Mem.

## DISCUSSION

I.  <u>Legal Standard</u>

The federal rules of evidence do not apply to sentencing proceedings.  Fed. R. Evid. 1101(d)(3); *see also* U.S.S.G. § 6A1.3(a).  And, the Court has "largely unlimited" discretion in deciding what information to consider during sentencing.  *United States v. Pugliese*, 805 F.2d 1117, 1122 (2d Cir. 1986) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)); *see also United States v. Simmons*, 164 F.3d 76, 79 (2d Cir. 1998); *United States v. Brach*, 942 F.2d 141, 144 (2d Cir. 1991).

Whether the Court should consider hearsay evidence, and the weight to be given to such evidence, is committed to the sound discretion of the Court.  *United States v. Clarke*, No. 09 Cr. 705, 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010).  The Court is "free to consider hearsay evidence . . . so long as it permissibly concludes that the evidence is reliable."  *United States v. Kolawole*, 1 Fed. App'x 93, 94–95 (2d Cir. 2001) (citing *Townsend v. Burke*, 334 U.S. 736, 740–

3

41 (1948); *United States v. Sisti*, 91 F.3d 305, 312 (2d Cir. 1996); and *Pugliese*, 805 F.2d at

1122, 1124).  This is true even if the defendant could neither confront nor cross-examine the

witness whose hearsay statements are being admitted into evidence.  *See United States v. Bedell*,

590 Fed. App'x 86, 88 (2d Cir. 2015); *United States v. Martinez*, 413 F.3d 239, 242 (2d Cir.

2005).

A court must ensure that the proffered evidence is reliable in order to protect the

defendant's right to due process.  *See United States v. Juwa*, 508 F.3d 694, 700 (2d Cir. 2007);

*Martinez*, 413 F.3d at 244; *Pugliese*, 805 F.2d at 1122–23.  Due process is satisfied "when the

defendant does not dispute the truth of the statements sought to be introduced, or the statements

are sufficiently corroborated by other evidence."  *United States v. Fatico*, 579 F.2d 707, 713 (2d

Cir. 1978) (citations omitted).  In determining whether the proffered evidence is reliable, the

Court must assure itself that the evidence is not "materially incorrect," that there is not "a

significant possibility of misinformation," and that there is "some minimal indicia of reliability"

accompanying the hearsay statements sought to be admitted.  *Martinez*, 413 F.3d at 244

(citations omitted).

II.     Application

Arias Casilla seeks to introduce the hearsay statements of two agents who were present

during the Search.  Def. Fatico Mem.  The statements are recorded in four sets of notes of

telephone interviews between AUSA Qian and the two agents.  Exhibits A–D.  Arias Casilla

contends that the statements are reliable.  *See, e.g.*, Def. Fatico Mem. at 5.  He, therefore, "does

not dispute the truth of the statements sought to be introduced."  *Fatico*, 579 F.2d at 713.  Thus,

the requirements of due process have been met and the hearsay statements are admissible.  *Id.*;

Gov. Fatico Mem. 2–3, 8 (conceding that the notes are admissible).

4

Moreover, the Exhibits far exceed the reliability threshold.  *Martinez*, 413 F.3d at 244; *Fatico*, 579 F.2d at 713.  The Government argues that the hearsay statements are entitled to little weight, if any, because the declarants did not review or adopt AUSA Qian's notes, the notes are of limited usefulness without the context of the questions asked during the interviews, and the notes relate to an event that occurred at least eight months prior to the interviews.  Gov. Fatico Mem. at 1, 3–4.  The Court disagrees.

First, the Exhibits are detailed notes taken contemporaneously during telephone interviews.  Exhibits A–D.  They are written in the vernacular and appear to be unedited.  *Id.* The format of the notes suggests the note-taker was attempting to transcribe the conversation. *Id.*  The notes also contain highly specific statements.  For instance, HSI Task Force Officer Jonathan Crucey was "75% sure that [the agents on scene] showed [Arias Casilla's] neighbor a photo of [Arias Casilla]."  Exhibit C.  And, the notes contain statements describing the limits of the declarants' recollection, which suggests the declarants' probity.  For instance, HSI Special Agent Ruben Paulino "[r]emembered trying to get consent and [that he] didn't get it, but [does]n't remember exactly what was said."  Exhibit A.  These factors indicate that the notes are accurate transcriptions of AUSA Qian's conversations with the agents and that the agents answered AUSA Qian's questions truthfully and to the best of their recollection.  Moreover, the Government does not argue that the witnesses were untruthful or that the notes are inaccurate. Gov. Fatico Mem. at 6.

Second, although the Government argues that the context of the questions asked is necessary in order to make use of the information in the notes, the notes are self-explanatory.  It is clear that each of the notes is a chronological account of the events leading up to the Search,

and the level of detail and specificity in the statements is informative even without the accompanying questions.  Exhibits A–D.

Third, the timing of the notes—excepting Exhibit A, which is undated—suggests that AUSA Qian attempted to record as accurately as possible the details of the agents' recollections of the Search.  On November 28, 2021, Arias Casilla filed his motion to suppress the evidence recovered from the Search, Def. Mot., and the interviews recorded in Exhibits C and D were conducted on November 30 and December 1, 2021, respectively.  The notes pertain solely to the events that occurred from the time of Arias Casilla's arrest up until the Search.  Exhibits C–D.  It stands to reason that AUSA Qian asked the agents about the Search, and specifically about obtaining consent to conduct the Search, because such information was relevant to the Government's response to Arias Casilla's motion.  Further, the Court granted Arias Casilla's request for a *Fatico* hearing on August 1, 2022.  ECF No. 71.  Exhibit B is dated September 20, 2022, two days before the Government filed a letter regarding its view of the evidence relevant to the upcoming *Fatico* hearing, ECF No. 73.  It is reasonable to assume that AUSA Qian asked the agent about the Search, and specifically about obtaining consent to conduct the Search, because such information was relevant to the Government's letter.

Fourth, the content of each of the notes is largely consistent with that of the other notes. For instance, the details in Exhibits A and B, both notes of interviews with Agent Paulino, are consistent with each other.  Exhibits A–B.  And, the details in Exhibits C and D, both notes of interviews with Agent Crucey nearly a year apart, are consistent with each other.  Exhibits C–D. The Government also states that the notes are "largely consistent" with the testimony of Agent Gulino at the *Fatico* hearing on November 16, 2022.  Gov. Fatico Mem. at 4–6.  Thus, the information in each of the notes is corroborated, further indicating that the notes are reliable.

6

Finally, to the extent that the Government argues that the notes are unreliable due to the passage of time between the Search on March 26, 2021, and the time of the interviews—November 30 and December 1, 2021, and September 20, 2022—that problem is presented by all witness testimony and also applies to the live testimony of Agent Gulino on November 16, 2022. The Government suggests that some discrepancies are to be expected due to natural flaws in human recollection.  Gov. Fatico Mem. at 5, 7.  The Court agrees; it is, therefore, advisable to rely on more than one witness's account of events, provided those witnesses are reliable, in order to obtain as accurate an account of events as possible.  This weighs in favor of admitting the Exhibits.  For the foregoing reasons, Exhibits A–D are admissible and entitled to substantial weight.

## CONCLUSION

The Exhibits are admissible and entitled to substantial weight.  Accordingly:

- Exhibit A, ECF No. 78-1 at 2–3, is ADMITTED as Defense Exhibit 6.

- Exhibit B, ECF No. 78-1 at 4, is ADMITTED as Defense Exhibit 7.

- Exhibit C, ECF No. 78-1 at 5, is ADMITTED as Defense Exhibit 8.

- Exhibit D, ECF No. 78-1 at 6, is ADMITTED as Defense Exhibit 9.

SO ORDERED.

Dated: January 3, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge